## N. B. PEDERSON v. REEVES & COMPANY.[1]

### July 21, 1911.

### Nos. 17,171—(212.)

**Sale — warranty — written release of damages.**

The jury were justified by the evidence in finding that the machine purchased by plaintiff from defendant was under an oral and not under a written contract, and that a certain release of liability executed by plaintiff became inoperative, by the failure of the defendant to put the machine in order.

[1] Reported in 132 N. W. 204.

Action in the district court for Todd county to recover $1,890. for breach of warranty of machinery bought of defendant. The complaint alleged that defendant warranted and represented the machinery to be new and sound and in good repair and that it would do good work in threshing grain; that it was in consideration of such warranties that plaintiff purchased the machinery; that on or about August 25, 1905, defendant delivered to plaintiff the machinery pursuant to agreement; that it was not new as ordered and was not sound and did not fulfil the terms of the agreement, but was old and not in good repair and almost totally unfit for running a threshing rig or for any purpose whatever and was not worth to exceed $300. The case was tried before Taylor, J., and a jury which returned a verdict in favor of plaintiff for $700. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*W. A. McDowell,* for appellant.

*P. V. Coppernoll* and *Van Coppernoll,* for respondent.

LEWIS, J.

Action to recover damages for breach of warranty, under which plaintiff claims to have purchased and paid for a threshing machine. The answer alleged the sale of an engine and a separator for a total consideration of $3,482.50 under a written contract and warranty, and that plaintiff had failed to notify defendant within the time limited that the machine did not comply with the warranty. Plaintiff replied, and denied that he ever agreed to give notice by registered letter to the home office, admitted that he did not give it, alleged that defendant had notice that the machine would not do good work when started, undertook to fix it, and failed, alleged that he had subsequently signed a release for damages, but that it was without consideration, and that the written guaranty was signed by him under false representations that it was an order, and not a contract of warranty, and admitted that he had kept, and not returned, the machine.

1. The pleadings made an issue on the question whether the contract of sale and warranty was oral, as claimed by plaintiff, or in writing, as claimed by defendant. If the writing was signed by

plaintiff without fraud on defendant's part, then all previous talk became merged in it, and its contents controlled the subsequent action of the parties. The evidence was sufficient to go to the jury on this question. If there was a complete sale and warranty by oral contract, and plaintiff's signature to the writing was secured by fraud, and plaintiff did not become acquainted with its contents, then he was not required to give the notice within six days. These matters were fully and fairly submitted to the jury, and were determined adversely to defendant.

2. The machine was delivered to the plaintiff September 5, 1905, and he used it during that threshing season, and on January 22, 1906, executed a paper which recited that in consideration of one dollar, and divers other good and sufficient considerations, he released and discharged defendant from all demand and from all warranty and responsibility. Plaintiff claims that he signed this paper in consideration of defendant's promise to fix up the engine and extend the time of paymnet. The court instructed the jury that the plaintiff was bound by the release, and could not recover, unless they were satisfied from the evidence that the dollar was not paid, and that the only other consideration was the promise to give more time and to fix up the machine; that if they should find that no specific extension of time to enforce payment was granted, and if defendant had promised to fix up the machine, but had failed to do so, then plaintiff was not bound by the release.

As before stated, plaintiff's position is that there was no written contract of sale and warranty, and he was not obliged to give notice and return the machine within the time therein fixed, if it did not work. He claimed that defendant had notice that it did not work, and undertook to put it in repair. The release was a new contract, purporting to have been executed for good and valuable considerations. Plaintiff's claim that defendant had promised to fix the machine if he would release it from all liability, that the promise was never kept, and that the consideration failed, was supported by the evidence, and the question was properly submitted to the jury.

The type prescribed by the rule was not used in printing respondent's brief, for which reason the printing of his brief will not be allowed and taxed as a disbursement.

Affirmed.